NO. 07-99-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 5, 2001

_____

STEVEN DEWAYNE EVANS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 38,589-B; HON. SAMUEL C. KISER, PRESIDING

_____

Before  QUINN, REAVIS AND JOHNSON, J.J.

Steven Dewayne Evans (appellant) appeals his conviction for murder.  His three points of error concern a purported denial of his Sixth Amendment right to confront his accuser, the legal and factual sufficiency of the evidence, and the effectiveness of his counsel.   We affirm.

### *Background*

On October 25, 1999, a party was held at Independence Hall in Amarillo, Texas. Between 200 to 300 people attended same.  During the event, an argument erupted

between Keith Austin (Austin) and the mother of his two children, Shannon Hicks (Hicks). The cause of the argument was Hicks' dancing with appellant's brother, Bernard, with whom she also had a child. In short, Austin was jealous. Thereafter, appellant's sister, Brenda, approached and exchanged words with Austin. Following this, appellant and Austin themselves "had words," which words escalated into a physical altercation between the two. Security personnel intervened and escorted the combatants to the parking lot.

A number of people were present in the parking lot at the time. Furthermore, Austin's friend, Edward, wanted to go over and confront appellant. Austin advised him against it and went back inside the dance hall to retrieve his jacket. Moments passed before multiple gunshots were heard coming from the parking area in front of the Hall. The police were notified. Upon their arrival, more gunfire was heard. Investigation then revealed that Edward had been shot. He later died at the scene.

The State indicted appellant for murder. A jury of his peers convicted him of the accusation.

### Issue One: Confrontation Clause

Appellant initially argues that the trial court denied him his Sixth Amendment right to confront his accuser. This allegedly occurred when he attempted to impeach the State's sole eyewitness, Artrail Tillmon, via a "prior conviction." According to the record, Tillmon had been indicted for intentionally and knowingly threatening a female with bodily injury by use of a deadly weapon. Upon his plea of guilty, the adjudication of his guilt was deferred. Moreover, the status of the prosecution remained the same at the time Tillmon

2

was called to testify against appellant.[1]  Appellant told the court below that he "want[ed] to use this prior conviction to impeach [Tillmon], especially since he's got [sic] on the stand now and portrayed himself as a prison officer, and an officer."  So too did appellant allege that he had "a right to use this, since [Tillmon] got a criminal offense to impeach him with." The trial court disagreed and prevented him from using the "conviction" because it neither involved a felony nor a crime of moral turpitude.  We overrule the issue.

As evinced by the circumstances described above, appellant sought to utilize the "prior conviction" to generally impeach Tillmon's credibility via Texas Rule of Evidence 609.[2]  Furthermore, the trial court undoubtedly construed the effort as such because it concluded that the evidence did not comply with Rule 609.  Nowhere did appellant mention his constitutional right to confront his accusers.  Nor did he endeavor to gain admittance of the evidence (despite Rule 609) by arguing that it purportedly evinced a vulnerable relationship between Tillmon and the State and, therefore, constituted evidence of bias of interest.[3]

---

[1]Given that appellant was granted deferred adjudication, the supposed conviction was not one.  That is, because he had been granted deferred adjudication, he had not been convicted of the offense.  So, the characterization of the charge as a "prior conviction" was inaccurate.  However, we use that moniker here for the sake to clarity.

[2]The rule states that "for purposes of attacking the credibility of a witness," a litigant may tender evidence that the witness had been "convicted of a crime . . . if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude . . . ."  TEX. R. EVID. 609(a).

[3]The phrase "vulnerable relationship" was coined in *Carroll v. State*, 916 S.W.2d 494 (Tex. Crim. App. 1996) and describes a circumstance wherein the witness may be prone to color testimony in favor of the State in return for leniency *viz* a pending criminal prosecution.  Moreover, if such a circumstance exists, evidence of same is admissible even though it does not involve a final conviction.  *Maxwell v. State*, 48 S.W.3d 196, 199-200 (Tex. Crim. App. 2001).  Finally, as noted in *Maxwell* and *Moreno v. State*, 22 S.W.3d 482 (Tex. Crim. App. 1999), evidence that would not be admissible under Rule 609 because the conviction was neither final, a felony, nor one of moral turpitude could be admissible if it illustrated the requisite vulnerable relationship.  Given this, it is incumbent upon one attempting to gain the admission of evidence inadmissible under Rule 609 to invoke the vulnerable relationship theory in a manner reasonably informing

3

Instead, his ground was limited to admission via Rule 609 and for the purposes contemplated by that rule.

Yet, on appeal, appellant argues that the trial court erred because the evidence was admissible to show bias or interest despite Rule 609. In other words, appellant attempts to invoke the vulnerable relationship theory before us without having mentioned it below. Having failed to mention it below as a ground supporting admission of the evidence, he waived it for appellate purposes. TEX. R. APP. P. 33.1(a); *Broxton v. State*, 909 S.W. 2d 912, 918 (Tex. Crim. App. 1995) (holding that the grounds supporting an objection uttered below must comport with the grounds asserted on appeal).

### *Issue Two: Insufficiency of the Evidence*

In his second point of error, appellant alleges that the jury's verdict lacked legally and factually sufficient evidentiary support. We disagree and overrule the point.

**Standard of Review**

Rather than reiterate the well-settled standards of review applicable to claims of legal and factual insufficiency, we cite the litigants to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); *King v. State*, 29 S.W.3d 556 (Tex. Crim. App.2000); *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App.1996); and *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App.1988) for explanations of same.

**Application of Standard**

Below, Tillmon testified that he saw appellant hold a revolver sideways, point same at Edward, and shoot. Furthermore, Edward died of gun shot wounds. This constitutes

the trial court of his reliance upon that theory.

4

some evidence upon which a rational jury could conclude beyond a reasonable doubt that appellant intentionally and knowingly caused the death of Edward by shooting him with a deadly weapon, as charged in the indictment. Thus, legally sufficient evidence existed to support the jury's verdict of guilty.

That the evidence of guilt was not free of contradiction and that the credibility of witnesses may have been subject to question does not require us to conclude that the verdict was factually insupportable. Those circumstances merely resurrected issues for the jury to resolve. And, based upon our review of the entire record, we cannot say that the verdict was clearly wrong or manifestly unjust.

### *Issue Three: Ineffective Assistance of Counsel*

Finally, appellant alleges that his trial counsel was ineffective because counsel failed to 1) make an offer of proof sufficient to satisfy the predicate for admitting the "prior conviction" discussed under the first issue and 2) object to the State's final argument during the guilt-innocence phase.

**Standard of Review**

The standard of review applicable to claims of ineffective counsel is well-settled and adequately explained in *Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000), cert. denied, __U.S.__, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001), *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999), *Beck v. State*, 976 S.W.2d 265, 266 (Tex.App.--Amarillo 1998, pet. ref'd), and *Rodriguez v. State*, 955 S.W.2d 171, 176-77 (Tex. App.–Amarillo 1997, no pet.). We need not reiterate it.

5

**Application of Standard**

*Proper Predicate*

At the time of trial, precedent existed holding that evidence of a deferred adjudication was not admissible to show vulnerability to State influence as a possible bias or motive to lie. *Hoyos v. State*, 951 S.W.2d 503, 508 (Tex. App.–Houston [14ᵗʰ Dist.] 1997), aff'd 982 S.W.2d 419 (Tex. Crim. App. 1998) *quoting, Jones v. State*, 843 S.W.2d 487 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 1035 (1993). This precedent was not nullified until the rendition of *Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001) in June of 2001, some two years after trial below. Given this, we cannot fault trial counsel for omitting to assert a legal argument which contradicted authority existing at the time of trial. *See Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996). At the very least, counsel's omission may have been based on reasonable trial tactic, *i.e.* the desire to eschew invoking untenable legal argument and thereby alienating both the court and jury.

*No Objection to Closing Argument*

During its closing argument in the guilt / innocence phase of the trial, the prosecution stated:

> I will tell you the truth. Without any equivocation, without even one ounce of waiting, I will tell you, you believe Artrail Tillmon. If you don't you vote not guilty and you can set this murderer back on the streets.

This comment purportedly evinced an attempt by the prosecutor (through his own unsworn testimony) to bolster the credibility of Tillmon. As such it was allegedly objectionable, and

6

because trial counsel did not object, he was ineffective, according to appellant. We disagree.

First, assuming the comment was objectionable, we note that the decision to object to particular statements uttered during closing argument is frequently a matter of legitimate trial strategy. *Hubbard v. State*, 770 S.W.2d 31, 45 (Tex. App.–Dallas 1989, writ ref'd). Thus, evidence of counsel's strategy, if any, is crucial to determining whether he was ineffective. Furthermore, nothing of record indicates why counsel at bar withheld objection. Without such an explanation, we cannot say that the record before us sufficiently rebuts the strong presumption that counsel exercised reasonable professional judgment. *Thompson v. State*, 9 S.W.3d at 808; *Beck v. State*, *supra*.

Second, and again assuming the comment was objectionable, nowhere does appellant attempt to illustrate "there [was] a reasonable probability that, but for counsel's [one supposed] unprofessional error[], the result of the proceeding would have been different." *Tong v. State*, 25 S.W.3d at 712. Nor, after reviewing the entire record, can we say that such a probability existed.

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Publish.