Opinion issued December 15, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. No-01-11-00480-CR

———————————

William Clyde Culberson Jr., Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 2nd 25th Judicial District Court 

Colorado County, Texas



Trial Court Case No. CR 10-113

 



 

MEMORANDUM OPINION

          Appellant, William Clyde Culberson,
Jr., was charged by indictment with indecency with a child by sexual contact.  See
Tex. Penal Code Ann.
§ 21.11 (A)(1) (West 2011).  Culberson pleaded not guilty, a jury
found him guilty, and after finding true one enhancement paragraph, the court
assessed a mandatory sentence of life in prison.  In his sole issue on appeal, Culberson asserts
that he received ineffective assistance of counsel.  We affirm the judgment of the trial
court.  

Background

          In March 2009, Cheryl Henry received
information from a cousin that prompted her to ask her nine-year old daughter, A.S.,
if she had been inappropriately touched by A.S.’s grandmother’s boyfriend,
Culberson.  A.S. told her mother that, on
more than one occasion, while she was at the home that her grandmother shared
with Culberson, Culberson had touched her over her clothing on her “chest” and
“private area.”  Henry took A.S., her
son, and niece to the emergency room and met with Officer P. Hilley from the
Weimer Police Department to discuss the allegations.  

At trial, A.S.
testified that on ten or more occasions, Culberson had touched her over her
clothing on her breasts and vagina.  She
testified that the touching occurred at her grandmother’s apartment, and later at
the home her grandmother shared with Culberson. 
She also testified that Culberson had shown her a thong and pornography,
and had attempted to kiss her.  Henry testified
that A.S. had told her that Culberson had touched her on her chest and private
area.  The State offered into evidence
medical records from A.S.’s visit to the emergency room.  Officer Hilley testified as to Henry’s demeanor
at the emergency room, and as well as when the two met again for Hilley to take
Henry’s statement.  Kara Janecek, A.S.’s
counselor, testified that A.S. showed signs of post-traumatic stress disorder,
and it was Janecek’s belief that A.S. had been sexually abused.  Officer W. Alley testified that while
answering a disturbance call resulting from an argument between A.S.’s
grandmother and Culberson, Alley noticed that A.S. looked terrified when A.S. looked
at Culberson and refused to make eye contact with him.  The defense did not offer any evidence.  A jury found Culberson guilty and the court
sentenced him to life in prison.

Discussion 

          In
his sole issue on appeal, Culberson argues that he received ineffective
assistance of counsel because, during closing arguments, his counsel failed to
object to an argument made by the prosecutor. 


A.  
Standard of Review 

To prevail
on a claim of ineffective assistance of counsel, an appellant must show that
(1) counsel’s performance fell below an objective standard of reasonableness
and (2) but for counsel’s unprofessional error, there is a reasonable
probability that the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002) (en banc).  A
reasonable probability is “a probability sufficient to undermine confidence in
the outcome.”  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Mitchell, 68 S.W.3d at 642.  A failure to make a showing under either prong
defeats a claim for ineffective assistance.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 

There is a “strong presumption that
counsel’s conduct falls within the wide range of reasonably professional
assistance.”  Robertson v. State, 187 S.W.3d 475, 482 (Tex. Crim. App. 2006) (quoting
Strickland, 466 U.S. at 689, 104 S. Ct.
at 2052).  “In order for an appellate
court to find that counsel was ineffective, counsel’s deficiency must be
affirmatively demonstrated in the trial record; the court must not engage in
retrospective speculation.”  Lopez v. State, 343 S.W.3d 137, 142
(Tex. Crim. App. 2011) (citing Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  “It is not sufficient that appellant show,
with the benefit of hindsight, that his counsel’s actions or omissions during
trial were merely of questionable competence.”  Mata v.
State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).  “When such direct evidence is not available,
we will assume that counsel had a strategy if any reasonably sound strategic
motivation can be imagined.”  Lopez, 343 S.W.3d at 143 (citing Garcia v. State, 9 S.W.3d 436, 440 (Tex.
Crim. App. 2001)).  “In making an
assessment of effective assistance of counsel, an appellate court must review
the totality of the representation and the circumstances of each case without
the benefit of hindsight.”  Lopez, 343 S.W.3d at 143 (citing Robertson, 187 S.W.3d at 483).  Isolated instances of a failure to object to
inadmissible argument or evidence do not necessarily render counsel
ineffective.  See Robertson, 187 S.W.3d at 483.  

B.  
Analysis

Culberson
argues that trial counsel was ineffective because he failed to object to the
prosecutor’s statement during closing argument to the effect that the
prosecutor found the State’s evidence credible. 
During closing
argument, Culberson’s trial counsel attacked the credibility of Henry and
argued that Henry had been coaching A.S. about her testimony.  Trial counsel also sought to undermine A.S.’s
credibility by emphasizing that A.S. had been taking powerful psychotropic
drugs.  He told the jury that he would
have to remain quiet while the State presented its interpretation of the evidence
during its closing argument.  Culberson’s
counsel ended his argument by stating, “My only hope is that you will take his
argument in light of this charge, in light of the evidence that you’ve heard,
in light of the documentation that exists, and argue for me what my responses
would be.” 

  During the State’s closing, the prosecutor,
after reviewing the evidence offered during the trial, stated, “I believe Wendy
Alley.  I believe Officer Hilley.  I believe Tracy Henry.  I believe [A.S.], and I believe Kara Janecek,
and I believe those records.”  Culberson’s
counsel did not object.  Culberson contends
that this argument constituted inadmissible, unsworn testimony of the
prosecutor’s belief in the witnesses.  See Menefee v. State, 614 S.W.2d 167
(Tex. Crim. App. 1981).  Culberson argues
that his trial counsel’s failure to object to this argument rendered counsel
ineffective. 

Assuming that the State’s argument was objectionable, “the
decision to object to particular statements uttered during closing argument is
frequently a matter of legitimate trial strategy.”  Evans
v. State, 60 S.W.3d 269, 273 (Tex. App.—Amarillo 2001, pet. ref’d.)
(trial counsel not ineffective under first prong of Strickland for failing to object to prosecutor’s argument about
witness credibility); see Alberts v. State, 302 S.W.3d 495, 506 n.7 (Tex. App.—Texarkana
2009, no pet.) (trial counsel may have withheld objection to testimony to
prevent calling attention to objectionable statement).  Culberson’s counsel’s assertion during
closing that he would have to remain quiet during the State’s closing may be
the reason he chose not to object during the State’s closing, particularly
because the prosecutor’s arguments directly responded to defense counsel’s statements
of his own opinion as to A.S.’s truthfulness. 
But the record is silent as to his reasoning, and Culberson did not
supplement the record through a hearing on a motion for new trial.  See Lopez, 343 S.W.3d at 143–44. 


The Court of Criminal Appeals has repeatedly emphasized that
ineffective assistance of counsel claims are generally not successful on direct
appeal and “are more appropriately urged in a hearing on an application for a
writ of habeas corpus.”   Lopez, 343 S.W.3d at 143 (citing Bone v. State, 77S.W.3d 828, 833 n.13
(Tex. Crim. App. 2002); Mitchell v. State,
68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). 
“On direct appeal, the record is usually inadequately developed and
‘cannot adequately reflect the failings of trial counsel’ for an appellate
court ‘to fairly evaluate the merits of such a serious allegation.’” Id. 
(quoting Bone, 77 S.W.3d at
833).  We cannot say that “no reasonable
trial strategy could justify” Culberson’s counsel’s decision to not object to
the State’s argument.  Lopez, 343 S.W.3d 143 (citing Strickland, 466 U.S. at 690, 104 S. Ct.
at 2052; Andrews v. State, 159,
S.W.3d 98, 102 (Tex. Crim. App. 2005)); see
Evans, 60 S.W.3d at 273.  We conclude
that Culberson has not shown that trial counsel’s performance fell below an objective
standard of reasonableness.  See Strickland, 466 U.S. at 
687–88, 104 S. Ct. at 2064; see also
Lopez, 343 S.W.3d at 143–44 (appellant failed to show trial counsel
ineffective under first prong of Strickland,
when record was silent as to why trial counsel failed to object to cumulative
testimony of outcry witnesses who testified as to credibility of complainant in
aggravated sexual assault of child case); Gamble
v. State, 916 S.W.2d 92, 93 (Tex App.—Houston [1st Dist.]
1996, no pet.) (concluding, in face of silent record, trial counsel’s
failure, among other omissions, to object to improper jury argument, and
opinion testimony, not ineffective assistance). 


Because we
have found that Culberson has failed to satisfy the first prong of Strickland, we need not address the
second prong.  See Rylander, 101 S.W.3d at
110.

Conclusion 

We affirm the decision of the trial
court.

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).