# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00093-CR

**Jesse Aranda aka Jesus Aranda, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. CR-09-1007, THE HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jesse Aranda aka Jesus Aranda of the offense of sexual assault of a child and assessed his punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. §§ 12.33, 22.011(a)(2)(B) (West 2011). On appeal, appellant complains that he received ineffective assistance of counsel at trial, alleges that the State failed to produce exculpatory evidence, and challenges the sufficiency of the evidence to support his conviction. We affirm the judgment of conviction.

## BACKGROUND

The jury heard evidence that at age thirteen A.S. was removed from her mother's care because her mother failed to protect her from her stepfather's sexual abuse. After living in six or seven different foster homes, A.S. was placed with appellant and his wife when she was fifteen years old. A.S. reported having a good relationship with her foster parents, even calling them "mom" and

"dad." Her foster parents became concerned, however, when A.S. expressed her desire to date a young man four years older than her. They expressed their disapproval of that relationship. A.S.'s behavior began to change for the worse when she became involved with this young man. She began having problems with other foster children in the home as well as with her foster parents and began sneaking out of the house, often to be with her boyfriend.

On one occasion, A.S. snuck out to drink with some friends. On her return, she encountered appellant in the backyard sitting in a lounge chair next to a cooler of beer that he had been drinking. According to A.S.'s testimony, she thought she would receive a lecture about sneaking out. Instead, she sat down next to appellant, where they discussed her problems with her boyfriend while drinking beer and smoking cigarettes. During their conversation, negotiations ensued where appellant bargained with A.S. to keep her from getting into trouble with her foster mom. He asked her what she would give him "to keep his mouth shut." First, appellant asked her to give him a massage. She agreed. Appellant removed his shirt and she gave him a massage in the back of an old disabled Chevy truck parked in the yard. Appellant continued to ask her what she would give him in exchange for his silence. Eventually, A.S. realized that appellant was referring to sex. She refused to have sexual intercourse with him but offered to perform oral sex on him. Appellant stood against an old car parked next to the Chevy truck and pulled his pants down to his ankles. A.S. knelt in front of him and appellant put his penis in her mouth. He stuck one hand down her shirt while he pushed down on her head with the other. He did not ejaculate, and he told her to stop when it started getting light outside. He pulled up his pants, told A.S. that he would go inside first and instructed her to follow a bit later. Before going inside, appellant promised to pay A.S. if

2

she agreed to keep quiet about the incident. Once inside, A.S. immediately went to her bedroom and brushed her teeth several times because she had a bad taste in her mouth and felt dirty. Later that day, appellant gave A.S. ten dollars.

About a week later, A.S. ran away from her foster home. When she was picked up by the police, she denied any abuse in the foster home. She was subsequently placed in a group home. Approximately a year later, A.S. made an outcry of appellant's sexual abuse to her counselor at the group home. The residential child care licensing investigator for Child Protective Services (CPS) began an investigation, without reporting the allegation to law enforcement officials. Eventually, however, law enforcement learned of the allegation of sexual abuse and conducted a separate criminal investigation.

The State charged appellant by indictment with sexual assault of a child. The jury found him guilty as charged and assessed his punishment at ten years' imprisonment. Appellant subsequently filed a motion for new trial. No hearing was conducted on the motion, and it was overruled by operation of law. This appeal followed.

## DISCUSSION

On appeal, appellant raises six points of error. In four separate points of error, he contends that his trial counsel rendered ineffective assistance at trial. In another point of error, he asserts that the State failed to produce exculpatory evidence. In his final point of error, appellant argues that the evidence is insufficient to support his conviction.

3

**Ineffective Assistance of Counsel**

In four points of error, appellant argues that his trial counsel rendered ineffective assistance of counsel because he failed to: (1) object to inadmissible lay opinion testimony regarding the victim's credibility, (2) object to the admission of evidence concerning the victim's prior sexual abuse, (3) properly investigate the case, and (4) object to the admission of hearsay evidence.

***Standard of Review***

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). The appellant must demonstrate under the first prong that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). To meet the second prong, the appellant has to show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Lane*, 303 S.W.3d at 707. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

In reviewing a claim of ineffective assistance, we must evaluate the quality of the representation from the totality of counsel's representation rather than counsel's isolated acts or omissions. *Strickland*, 466 U.S. at 689; *Perez*, 310 S.W.3d at 893; *see Branch v. State*,

335 S.W.3d 893, 905 (Tex. App.—Austin 2011, pet. ref'd). Appellate review of counsel's representation is highly deferential; we must indulge a strong presumption that counsel's representation falls within the wide range of reasonable professional assistance—that is, we must presume that trial counsel's actions or inactions and decisions were reasonably professional and motivated by sound trial strategy. *Strickland*, 466 U.S. at 686; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield*, 363 S.W.3d at 592 (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93. This statement is true with regard to the "deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record. *Id.* at 593. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

The burden is on the appellant to affirmatively demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Perez*, 310 S.W.3d at 893 (quoting *Strickland*, 466 U.S. at 687). To overcome the presumption that counsel

5

rendered adequate assistance, the appellant must identify the specific acts or omissions of counsel that allegedly constitute ineffective assistance and then affirmatively prove that they fall below the professional norm for reasonableness. *Strickland*, 466 U.S. at 690; *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). Merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). The appellant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695.

### *Counsel's Alleged Errors*

In this case, appellant filed a motion for new trial alleging, in part, ineffective assistance of counsel. The State filed a response to appellant's motion that included affidavits from trial counsel. Thus, the record contains some, albeit very limited, information about counsel's reasoning and trial strategy. However, counsel's explanations respond only to those complaints raised in appellant's motion for new trial.

#### Failure to Object: Testimony About Victim's Credibility

In his first point of error, appellant complains that his trial counsel was ineffective because he failed to object to the testimony of the investigating detective concerning the victim's

6

credibility and truthfulness. This complaint was not raised in appellant's motion for new trial. Thus, the record is silent as to why trial counsel did not object to the detective's testimony that appellant now complains about on appeal.

Nevertheless, it is clear from the record that trial counsel's strategy was to impugn the victim's credibility by showing inconsistencies in her accounts of the assault and exposing what was characterized as a history of lying. At the outset, during opening statement, counsel referred to the victim's inconsistent statements, said her story had no credibility, indicated she made a false allegation, identified law enforcement individuals she lied to in connection with this case, provided possible motives for her lies, and told the jury, "She'll lie to anybody." If a witness's general character for truthfulness has been attacked, Rule of Evidence 608(a) allows the presentation of opinion or reputation evidence of that witness's good character as rehabilitation. *Michael v. State*, 235 S.W.3d 723, 725–26 (Tex. Crim. App. 2007); *see* Tex. R. Evid. 608(a)(2). The test for determining whether a witness's credibility has been attacked, such that evidence of truthful character is proper, is whether a reasonable juror would believe that the witness's character for truthfulness has been attacked by evidence from other witnesses or statements of counsel during voir dire or opening statements. *Michael*, 235 S.W.3d at 728.

A reasonable juror could interpret appellant's trial counsel's opening statement as attacking A.S.'s credibility. *See id.*; *see also Alberts v. State*, 302 S.W.3d 495, 508 (Tex. App.—Texarkana 2009, no pet.) (concluding trial counsel was not deficient for failing to object to rebuttal evidence of child complainant's reputation for truthfulness from child's mother because counsel's opening statements could be interpreted as attack on child's credibility). Because A.S.'s

7

character for truthfulness was attacked in appellant's opening statements, Texas Rule of Evidence 608 allowed for rebuttal evidence of her good character. *See* Tex. R. Evid. 608(a)(2); *Michael*, 235 S.W.3d at 725. Because the record is silent, we may presume this logic drove counsel's failure to object. Therefore, we conclude that appellant has failed to demonstrate that counsel was deficient in failing to object to the detective's opinion regarding A.S.'s truthfulness as well as her testimony specifically rebutting the defensive theory that A.S. was fabricating the incident.

Also in this first point of error, appellant complains about his attorney's failure to object to a statement made by the prosecutor during her opening statement: "After you hear our evidence, I'm going to come back and I'm going to ask you to do the same thing I did, I'm going to ask you to believe her." First, we note that, although perhaps objectionable, *cf. Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981) (holding it is improper for prosecutor to inject personal opinion about victim's honesty and truthfulness into closing arguments), the prosecutor's comment is not testimony. Second, even though the State's comment may have been objectionable, the decision to object to particular statements uttered during opening statement may be a matter of legitimate trial strategy. *Cf. Evans v. State*, 60 S.W.3d 269, 273 (Tex. App.—Amarillo 2001, pet. ref'd) (trial counsel not ineffective under first prong of *Strickland* for failing to object to prosecutor's argument about witness credibility); *Alberts*, 302 S.W.3d at 506 n.7 (trial counsel may have withheld objection to testimony to prevent calling attention to objectionable statement). The very fact that the State pursued prosecution against appellant and brought the victim into court to testify indicated that the prosecutor believed the victim was telling the truth. Thus, while the State's comment was improper, trial counsel reasonably may have thought the comment was relatively harmless and as

8

a matter of trial strategy chose not to emphasize the point by objection. The record is silent as to whether there was a strategic reason for counsel's failure to object. "'[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Absent such an opportunity, we do not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We do not find the failure to object to the prosecutor's comment to be such "outrageous" conduct. We conclude that appellant has failed to demonstrate that counsel was deficient in failing to object to the prosecutor's comment.[1]

Failure to Object: Evidence of Victim's Past Sexual Abuse

In his second point of error, appellant argues that his counsel was ineffective for failing to object to the admission of evidence about A.S.'s past sexual abuse by her stepfather. Once again, appellant did not raise this complaint in his motion for new trial. Consequently, the record is silent as to why counsel did not object to this evidence, assuming such evidence was objectionable. There could be several reasons counsel opted not to object to such evidence. First, the evidence explained why A.S. was a foster child in appellant's home and counsel could have felt that providing such background evidence was beneficial or at least not harmful. Second, counsel

---

[1] In this point of error, appellant also mentions "several other witnesses" commenting on A.S.'s "believability and truthfulness." He then cites to the record where the CPS caseworker testified about the department's official finding of "unable to determine" whether the abuse occurred, explaining that this meant that as far as the department was concerned no evidence weighed more heavily on one side or the other, "there was not 51 percent for either one." We do not find this explanation about the meaning of "unable to determine" to be testimony about A.S.'s truthfulness.

9

may have felt that this evidence could support the defense's theory by providing an explanation for A.S.'s motive for fabricating this incident and her attention seeking behavior. Or, counsel may have believed this evidence provided evidence of an alternative source for the sexual knowledge that allowed A.S. to give a detailed description of oral sex. Or, counsel may have thought this evidence would demonstrate why A.S. was a "problem child" and help portray his client as the victim of false allegations by a manipulative child. However, these reasons are simply speculation. Counsel was not afforded an opportunity to explain his reasons for allowing the admission of this evidence. Again, we do not find the failure to object to this evidence to be such "outrageous" conduct that it supports a finding of deficient performance without affording counsel the opportunity to explain his reasoning. *See Goodspeed*, 187 S.W.3d at 392. We conclude that appellant has failed to demonstrate that counsel was deficient in failing to object to the admission of evidence of A.S.'s past sexual abuse.

Failure to Properly Investigate

In his fourth point of error, appellant maintains that his trial counsel was ineffective for failing to properly investigate the case and prepare for trial. In his brief he asserts that counsel's "failure to present any evidence on behalf of Appellant is so outrageous that no competent attorney would have acted in the same manner." However, contrary to appellant's claim, the record reflects that counsel did indeed pursue a defensive strategy and present evidence on his behalf at trial.

Appellant provides a list of things his trial counsel purportedly failed to do. However, the record fails to affirmatively demonstrate these alleged failures. For example, appellant claims his attorney failed to present drug/alcohol test results that would have shown that appellant did not

10

have alcohol in his system. The record, however, does not reflect that such test results existed or that such a test could be linked to the alleged incident. A.S. was unable to recall the exact date of the sexual assault. The best time frame she could provide was that it happened one night sometime between February and May of 2008. Appellant also claims that trial counsel failed to investigate and obtain certain information—such as what kind of beer appellant drinks or cigarettes he smokes, whether the other children in the home "remember" this incident, whether neighbors drove by the location the night of the incident, whether appellant's wife would have kicked A.S. out of the house for sneaking out, and what time his wife usually went to sleep—yet the record fails to show that trial counsel did not have this information. Further, appellant fails to explain how this information would show inconsistencies in A.S.'s account of the assault or show her story to be impossible as he asserts.

Appellant relies on affidavits attached to his motion for new trial from various witnesses who indicated that they would have testified at trial, but were not contacted by appellant's trial counsel about doing so. These witnesses include family members, friends, a former foster child, and individuals associated with the CPS case involving A.S. We note that the testimony of several of the listed witnesses would not have been admissible at trial. For example, the testimony of A.S.'s attorney ad litem would not have been admissible since providing the described testimony would have violated the attorney-client privilege and would have disclosed confidential information he was not at liberty to share.[2] *See* Tex. R. Evid. 503; Tex. Disciplinary Rules Prof'l Conduct 1.05,

---

[2] We have serious questions about the fact that A.S.'s attorney ad litem was willing to disclose confidential and privileged information in an affidavit attached to a public filing, particularly since that information included medical information about a minor child and the affidavit identified her by name.

11

*reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005) (Tex. State Bar R. art. 10, § 9). The testimony of A.S.'s CPS (Child Protective Services) workers and CASA (Court Appointed Special Advocates) workers would also be subject to disclosure limitations. *See* Tex. Fam. Code Ann. § 261.201 (West Supp. 2012) (providing for confidentiality of information obtained or developed in investigation of report of child abuse or in providing services as result of investigation with disclosure only under certain circumstances after following established procedure), § 264.613 (West 2008) (providing for confidentiality of information used or developed in providing services pursuant to CASA program). Further, several witnesses, including a former foster sibling of A.S.—who admitted she had a conflict with A.S. while living in appellant's home—indicated they could testify to A.S.'s sexual activity and alleged promiscuity. This evidence would not have been admissible at trial. *See* Tex. R. Evid. 412 (excluding evidence of complainant's prior sexual conduct in sexual assault case except under certain limited circumstances). Also, appellant's family members and friends said they could testify to the fact that appellant did not drink beer at his home. However, one of the affidavits of trial counsel reflects that when they surveyed the location with appellant and his wife, numerous empty beer cans littered the property and many were moved to less conspicuous locations during the visit. Trial counsel has a duty not to offer or use evidence he knows to be false. *See* Tex. Disciplinary Rules Prof'l Conduct 3.03(a)(5), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005) (Tex. State Bar R. art. 10, § 9). Finally, several witnesses expressed a willingness to testify to information that they had no personal knowledge of but had only heard from others. For example, one of the affidavits provided was from a CASA supervisor who could only testify to confidential hearsay information shared with her by A.S.'s CASA worker.

Moreover, the "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *Perez*, 310 S.W.3d at 894 (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Appellant fails to demonstrate how the testimony of these witnesses was admissible, let alone that it was beneficial. While it is true that several of the witnesses—appellant's family and friends—indicated that they were willing to testify that they have never seen appellant without a shirt on, presumably they would also testify that they had never seen appellant receive a massage, seen him with his pants pulled down to his ankles, or seen him receive oral sex. Some potential witnesses also indicated that they could testify that people often drove by the location where the incident took place. However, given the inability of A.S. to provide the exact date of the assault, no one could testify that on that particular night traffic was heavy. Appellant simply speculates that the testimony of these witnesses might have demonstrated that A.S. was not a credible witness.

Furthermore, there is no evidence in the record to support appellant's assertion that trial counsel did not investigate the case. The affidavits attached to the State's response to appellant's motion for new trial reflect that trial counsel did in fact conduct a pretrial investigation, including accompanying appellant and his wife to their home to survey the location where A.S. said the assault happened and discussing trial issues and strategy with both appellant and his wife. The fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004); *see Sessums v. State*, 129 S.W.3d 242, 246 (Tex. App.—Texarkana 2004, pet. ref'd). We conclude that

13

appellant has failed to demonstrate that counsel was deficient in failing to properly investigate the case.

Failure to Object: Admission of Hearsay

In his fifth point of error, appellant claims his trial counsel was ineffective for failing to object to various hearsay statements during the testimony of the investigating detective and A.S.[3]

Appellant first argues that because the trial court did not conduct a hearing pursuant to article 38.072, the child-abuse-outcry statute, evidence concerning A.S.'s description of the assault was inadmissible. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2012) (creating hearsay exception for certain statements made by child victim of certain sexual offenses to first person over age of 18). He further asserts that this inadmissible outcry testimony came from "multiple witnesses." However, the record reflects that there was no outcry witness at trial.[4] Other than A.S., the only witness who testified on behalf of the State was the investigating detective. The detective did not testify as an outcry witness. Rather, the detective detailed her investigation of the sexual assault. She provided details of the individuals connected to the case whom she interviewed—which included A.S.'s counselor (the person to whom A.S. made her outcry of abuse), A.S.'s CPS worker,

---

[3] Appellant fails to identify any out-of-court statements that A.S. testified to. Thus, this portion of his complaint is inadequately briefed and presents nothing for our review. *See* Tex. R. App. P. 38.1(i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) (failure to adequately brief issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal); *Aldrich v. State*, 928 S.W.2d 558, 559 n.1 (Tex. Crim. App. 1996); *see also Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011).

[4] We also note that article 38.072 applies to outcries of sexual abuse made by children younger than 14 years of age at the time of the assault, and thus is inapplicable here, as A.S. was 15 years old at the time of the assault. The lack of a 38.072 hearing is irrelevant.

14

the CPS residential care worker, appellant, and A.S.—and related the information these individuals provided. Extra-judicial statements not offered for the truth of the matter asserted but for some other reason are not inadmissible hearsay. *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *Jones v. State*, 843 S.W.2d 487 (Tex. Crim. App. 1992). The testimony appellant complains of in his brief provides an explanation of the events and circumstances leading to appellant's arrest. *See Dinkins*, 894 S.W.2d at 347; *see also Parker v. State*, 192 S.W.3d 801, 807 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (officer permitted to testify to information on which he acted). As such, the statements do not constitute hearsay because they were not offered to prove the truth of the matter asserted. *See* Tex. R. Evid. 801(d). Accordingly, trial counsel was not deficient for failing to object to the complained-of statements.

Moreover, even assuming some of the complained-of statements were objectionable hearsay, the record is silent as to why trial counsel did not object. Appellant did not raise this complaint in his motion for new trial, so appellant's trial counsel does not address this complaint in his affidavit. Where the record fails to reflect counsel's reasoning, we will presume he exercised reasonable professional judgment. *Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd). It may be that counsel felt he received some benefit to the admission of the complained-of out-of-court statements. Many of the statements reflected that the witnesses doubted A.S.'s credibility and felt she was lying about the assault. Counsel may have been satisfied with the admission of these statements, which supported the defensive theory at trial. Further, counsel could have wanted A.S.'s description of the

15

assault as given to the detective before the jury in order to attack her credibility by showing inconsistencies in her story. Yet, these explanations for counsel's conduct are mere speculation since the record does not contain evidence as to his motives or strategies. Counsel was not afforded an opportunity to explain his reasons for allowing the admission of this evidence. Again, we do not find the failure to object to this evidence to be such "outrageous" conduct that it supports a finding of deficient performance without affording counsel the opportunity to explain his reasoning. *See Goodspeed*, 187 S.W.3d at 392. We conclude that appellant has failed to demonstrate that counsel was deficient in failing to object to the complained-of out-of-court statements.

### *Conclusion Regarding Counsel's Performance*

Absent record evidence regarding counsel's strategy, we cannot speculate as to whether a valid strategy existed, and thus appellant cannot rebut the strong presumption of reasonable assistance. Without explanation for trial counsel's decisions, the failure to object to comments or testimony about the victim's credibility, evidence of the victim's past sexual abuse, or out-of-court statements in the detective's testimony does not compel a conclusion that trial counsel's performance was deficient. We cannot say that "no reasonable trial strategy could justify" counsel's decision not to make these objections. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (citing *Strickland*, 466 U.S. at 690). Nor can we conclude that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 592. Further, appellant's complaint that trial counsel failed to conduct a pretrial investigation is not supported by the record. In fact, the record reflects that counsel did investigate the case, including surveying the location with appellant and his wife and discussing trial issues and strategy with them.

16

Appellant has also failed to demonstrate that he would have benefitted from the testimony of the witnesses presented in his motion for new trial. He merely assumes the admissibility of their testimony and speculates about the possible impact of their testimony at trial.

The record reveals that counsel's trial strategy was to focus on A.S.'s credibility issues: the inconsistencies of her description of the incident and her character for untruthfulness. The fact that this strategy ultimately proved unsuccessful does not render counsel's assistance ineffective. We find that appellant has failed to demonstrate deficient performance on the part of his trial counsel.[5] Accordingly, we overrule appellant's first, second, fourth, and fifth points of error.

### *Brady* Violation

In his third point of error, appellant asserts several *Brady* violations, *see Brady v. Maryland*, 373 U.S. 83 (1963) (establishing that due process requires prosecutors to disclose exculpatory, material evidence to defendants), alleging that the State failed to disclose: (1) certain documents in the possession of CPS, (2) information concerning statements made by a CPS worker in a voice mail message left for an employee of the District Attorney's Office, and (3) a map of the location of the sexual assault that A.S. drew for the investigating detective.

Appellant wholly fails to argue this point of error. He lists the evidence that he claims was suppressed by the State and recites applicable law regarding the disclosure of *Brady* evidence but then simply references, generally, the affidavits attached to his motion for new trial and avers

---

[5] Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *See Lopez v. State*, 343 S.W.3d 137, 144 (Tex. Crim. App. 2011).

17

that "the evidence contained is favorable and material and raises a reasonable probability that had this evidence been disclosed, the result of the proceeding would have been different." He fails to provide any analysis discussing how the evidence was suppressed, how it was favorable, or how it was material. *See Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (to succeed in showing due-process violation for suppression of evidence, defendant must show: (1) evidence was suppressed by State; (2) withheld evidence is exculpatory or impeaching; and (3) suppression of evidence resulted in prejudice). Thus, this complaint is inadequately briefed and presents nothing for our review. *See* Tex. R. App. P. 38.1(i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) (failure to adequately brief issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal); *Aldrich v. State*, 928 S.W.2d 558, 559 n.1 (Tex. Crim. App. 1996); *see also Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011). Accordingly, we overrule appellant's third point of error.

### Sufficiency of the Evidence

In his final point of error, appellant asserts a challenge to the legal and factual sufficiency of the evidence to support his conviction for sexual assault of a child. As appellant acknowledges in his brief, we no longer employ distinct legal and factual sufficiency standards when reviewing the sufficiency of the evidence to sustain a criminal conviction. *See Merritt v. State*, 368 S.W.3d 516, 525 n.8 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Instead, the only standard for determining whether the evidence proves the defendant's guilt beyond a reasonable doubt is the *Jackson* due-process standard. *Brooks*, 323 S.W.3d at 912; *see Merritt*, 368 S.W.3d at 525 n.8; *Griego v. State*, 337 S.W.3d 902 (Tex. Crim. App. 2011).

18

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).

In determining the legal sufficiency of the evidence, we must consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004); *Allen v. State*, 249 S.W.3d 680, 688–89 (Tex. App.—Austin 2008, no pet.). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). A legal-sufficiency review requires us to defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. The jury, as exclusive judge of the facts, is entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom. *Clayton*, 235 S.W.3d at 778; *see* Tex. Code Crim. Proc. Ann. art. 36.13 (West 2007), art. 38.04 (West 1979). Thus, when faced with a record of historical facts that supports conflicting inferences, we must

19

presume that the trier of fact resolved any such conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). We consider only whether the jury reached a rational decision. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). The standard of review on appeal is the same for both direct-evidence and circumstantial-evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

In his brief, appellant essentially concedes that A.S.'s testimony provided evidence of the elements of the offense. However, he argues that the evidence is insufficient because the State failed to offer any evidence corroborating her testimony: no DNA or other type of forensic or scientific evidence, no medical testimony, and no eyewitness testimony. He further complains that A.S.'s story is "filled with inconsistencies" and provides insufficient details of the assault.[6]

It is the function of the jury to resolve any conflicts in the evidence. *See* Tex. Code Crim. Proc. Ann. arts. 36.13, 38.04; *see also Marshall v. State*, 210 S.W.3d 618, 625 (jury is in best position to evaluate credibility of witnesses and evidence). The jury is free to accept or reject any or all of the evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). Here, A.S. described a specific instance in which appellant penetrated her mouth with his sexual organ. *See* Tex. Penal Code Ann. § 22.011(a)(2)(B). She provided sensory details, such as what appellant's penis tasted like, when testifying about what happened, where it happened, and (in general terms)

---

[6] Even while acknowledging that we no longer employ a distinct factual-sufficiency review, appellant argues that the evidence of guilt is "so weak as to undermine confidence in the jury's determination." As this is the standard for a factual-sufficiency review, we do not apply it here.

when it happened. Appellant's complaint that A.S.'s testimony is insufficient because it was uncorroborated is without merit. Because A.S. was under 17 years of age at the time of this offense, her testimony alone is sufficient to support appellant's conviction for this sexual assault. *See* Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (West Supp. 2012); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd), *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008). Thus, contrary to appellant's contentions, the State has no burden to produce any corroborating or physical evidence. *See Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Benton v. State*, 237 S.W.3d 400, 404 (Tex. App.—Waco 2007, pet. ref'd)); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).

In short, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the essential elements of this offense beyond a reasonable doubt. Accordingly, we overrule appellant's challenge to the sufficiency of the evidence in his final point of error.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   February 28, 2013

Do Not Publish