Anita PORTERFIELD, Appellant,

v.

GALEN HOSPITAL CORPORATION, INC., d/b/a San Antonio Regional Hospital and Donna Torbet, Appellees.

No. 04–96–00531–CV.

Court of Appeals of Texas, San Antonio.

June 18, 1997.

Rehearing Overruled July 30, 1997.

Adam Poncio, Cerda, Garriga & Poncio, P.C., San Antonio, Frank Herrera, Jr., Laura Gutierrez Tamez, Law Offices of Frank Herrera, Inc., San Antonio, for Appellant.

James S. Cheslock, Cheslock, Deely & Rapp, P.C., San Antonio, for Appellees.

Before RICKHOFF, STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

Anita Porterfield appeals from a summary judgment granted in favor of Galen Hospital d/b/a San Antonio Regional Hospital and Donna Torbet on her claims for wrongful termination and intentional infliction of emotional distress. We reverse and remand the wrongful termination claimbecause material issues of fact exist regarding Porterfield's termination. We fail to find outrageous con-

duct and affirm the summary judgment as to the emotional distress claim.

## Facts

Porterfield, an employee of Galen Hospital, was fired by her supervisor, Donna Torbet. Porterfield claims the termination was in response to a workers' compensation claim. Torbet and Galen Hospital assert that Porterfield, one of twenty-four employees laid off, was dismissed during a general staff reduction. Torbet and Galen Hospital further claim that Porterfield's termination was based upon a facially neutral dismissal policy.

On June 30, 1993, Porterfield sustained injuries at work while attempting to lift heavy computer equipment. Porterfield informed Torbet that she felt faint. Torbet reminded her that lifting heavy items was part of her job and told her "to grin and bear it." Torbet did suggest that Porterfield rest in her office. Porterfield worked throughout the summer with persisting back pain and discomfort. In September 1993, Porterfield was diagnosed with a hernia which required surgery. On September 8, 1993, Porterfield notified Torbet in a written memo of her diagnosis, her need for surgery, and her anticipated six weeks absence for recovery. Porterfield also asked Torbet how to handle the workers' compensation claim. Porterfield contends that Torbet was angered and began "ranting and waiving the memo" at her.

Meanwhile, Galen was in the midst of downsizing efforts. In connection with the staff reduction, Torbet was instructed in early September to eliminate one full-time position in her department. At that time Porterfield was one of five employees within Torbet's department. On September 24, 1993, Porterfield's claim was submitted to the insurance carrier with Torbet's notation that the claim was not compensable. Upon its own investigation, the insurance carrier determined that Porterfield's claim was compensable. The insurance carrier notified Porterfield of its determination on Friday, October 1, 1993, and she was dismissed on Monday, October 4, 1993.

Porterfield brought suit for retaliatory discharge and intentional infliction of emotional distress. Galen and Torbet moved for summary judgment on both causes of action claiming that (1) the termination occurred during a general reduction in staff and was based upon a neutral dismissal policy, and (2) any actions complained of did not constitute extreme and outrageous behavior. The trial court entered a general summary judgment on all claims.

## Standard of Review

Summary judgment is proper for a defendant only if the defendant establishes that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's claim and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

## Retaliatory Discharge

The Workers' Compensation Act prohibits employers from discharging or otherwise discriminating against an employee who files a workers' compensation claim in good faith. TEX. LABOR CODE ANN. § 451.001(1) (Vernon 1996). In enacting this law, the Legislature sought to protect employees · who are entitled to benefits under the workers' compensation law and to prevent employers from firing them for taking steps to collect benefits. *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980). An employee claiming discharge in violation of section 451.001 bears the burden of at least demonstrating a causal link between the workers' compensation claim and the alleged wrongful termination. *Borden, Inc. v. Guerra*, 860 S.W.2d 515, 522 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.). The plaintiff need not prove that the workers' compensation claim was the sole cause of termi-

nation; the claim need only have been a determining factor in the dismissal. *Id.*; *Investment Properties Management, Inc. v. Montes,* 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ). Causation may be established by direct and circumstantial evidence and the reasonable inferences drawn from such evidence. *Borden, Inc.,* 860 S.W.2d at 522. Summary judgment is appropriate when the defendant establishes a legitimate, nondiscriminatory reason for the discharge and the employee fails to produce any evidence of a retaliatory motive. *Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 313–14 (Tex.1994) (requiring more than plaintiff's subjective belief of retaliation to establish casual connection).

■ The following evidence, argues Porterfield, demonstrates a causal relationship between her claim and her termination: prior to her injury, she was told that she was a valuable employee and was promised a raise; following her injury, Torbet was hostile toward her; Torbet delayed submitting her claim to the insurance carrier and contested the claim; upon its own investigation, the insurance company determined that the claim was compensable; and she was fired the first working day after she was notified that her claim was covered.

By contrast, appellees assert that Porterfield was dismissed during a general reduction in staff which was governed by its personnel policies. As noted, in early September the hospital was in the process of downsizing and Torbet had been instructed to eliminate one position within her department. Porterfield, one of three research coordinators within the department, along with an administrative assistant and education coordinator, was employed in Torbet's department. Two provisions of the manager's manual guided Torbet's decision. Torbet's first consideration was to maintain established services and the skills mix to provide those services. After evaluating the needs of her department, Torbet decided to eliminate one of the three research coordinators. The two remaining research coordinators, explained Torbet, could assume the duties of the dismissed individual. Torbet did not want to fire the administrative assistant because she provided support to two additional departments and Torbet felt that her absence would substantially impact three departments. Torbet did not explain the necessity in retaining the education coordinator.

Once she determined that one of the three research coordinators would be dismissed, Torbet looked to the layoff sequence outlined in the manual. Pursuant to the manual, layoffs occur in the following order: volunteers, temporary employees, period employees, documented poor performers, and seniority. When a dismissal is based upon seniority, the least senior employee within a job classification is to be dismissed. Within her job classification, Porterfield was the least senior employee and therefore the employee who was dismissed. Thus, pointing to their personnel policy, appellees claim that they have broken the causal link between Porterfield's termination and her workers' compensation claim by demonstrating that the dismissal was unrelated to her pursuit of workers' compensation benefits, thereby entitling them to summary judgment. *See Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

That appellees came forward with evidence of a nondiscriminatory reason for Porterfield's dismissal does not entitle them to summary judgment. As noted by the Texas Supreme Court, summary judgment on a retaliation claim is proper only when the employer establishes a nondiscriminatory reason for the discharge and the employee fails to produce any evidence of a retaliatory motive. *Carrozza,* 876 S.W.2d at 314. Temporal proximity between the claim and the dismissal has been considered to be circumstantial evidence of retaliatory motive. *See Munoz v. H & M Wholesale, Inc.,* 926 F.Supp. 596, 610 (S.D.Tex.1996) (finding retaliatory motive where employee fired within one month of filing workers' compensation claim); *Worsham Steel Co. v. Arias,* 831 S.W.2d 81, 84 (Tex.App.—El Paso 1992, no writ) (finding retaliatory motive where employee fired a few days following injury in order to deny employee ability to file claim).

In the instant case, Porterfield's claim was submitted to the insurance carrier with a

notation that the claim was not compensable; the insurance company determined the claim was compensable; the insurance company notified Porterfield on a Friday afternoon that coverage was available and she was fired on the following Monday morning. The alleged dispute over coverage as well as the close proximity between the filing of the workers' compensation claim and the dismissal raise a fact question as to whether, without filing her claim, Porterfield would have been dismissed. *See Munoz,* 926 F.Supp. at 610; *Worsham Steel,* 831 S.W.2d at 82. Accordingly, summary judgment on Porterfield's claim for retaliatory discharge is not proper. Point one of error number is sustained.

In light of our disposition of Porterfield's first point of error, we need not reach point of error number four which complains about appellees' summary judgment evidence proffered with respect to the retaliatory discharge claim. *See* Tex.R.App. P. 90(a).

### General Retaliation

Porterfield's second point of error contends that the trial court erred in granting summary judgment on all her claims because appellees did not move for judgment on her general retaliation claims. Appellees argue that a liberal reading of Porterfield's petition does not support her argument that she pled general retaliation claims, and thus the trial court properly granted summary judgment on all claims.

█ As factual support for her wrongful discharge claim, Porterfield asserted that she was injured at work, applied for workers' compensation benefits, and was terminated. Such action, claimed Porterfield, was a direct violation of the Workers' Compensation Act. Neither the express language of Porterfield's petition, nor a liberal reading of the petition suggests that her wrongful termination claim was independent of the prohibition against retaliatory discharge provided for in the Workers' Compensation Act. Even if Porterfield had pled general retaliation claims, her failure to specially except to appellees' motion for summary judgment waives any point for appeal. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342–43 (Tex.

1993) (requiring non-movant to specially except in order to complain on appeal that movant's grounds were unclear or ambiguous). Point of error number two is overruled.

### Intentional Infliction of Emotional Distress

█ Porterfield claims in her third point of error that there are questions of fact about her claim for intentional infliction of emotional distress which render summary judgment on this claim improper. Prior to her injury, Porterfield and Torbet had a good working relationship. Porterfield alleges that after she notified Torbet of her injury, Torbet was verbally abusive toward her. Occasionally Torbet refused to allow Porterfield to take a lunch break and became hostile toward her when she left work for a doctor's appointment or left work ill. Porterfield contends this is evidence of extreme and outrageous conduct and presents questions of fact which preclude summary judgment. *See Havens v. Tomball Comm. Hosp.,* 793 S.W.2d 690, 691–92 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (holding that allegations of harsh treatment and unprofessional behavior by employer toward employee were sufficient to withstand summary judgment on employee's claim for intentional infliction of emotional distress).

█ Intentional infliction of emotional distress, as interpreted by Texas courts, occurs only where one's extreme and outrageous conduct intentionally or recklessly causes severe emotional distress. *Twyman v. Twyman,* 855 S.W.2d 619, 621–22 (Tex. 1993). Outrageous conduct is that which goes beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community. *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993). Whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to allow recovery is a question of law. *Id.* Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous behavior. *Horton v. Montgomery Ward & Co., Inc.,* 827 S.W.2d 361, 369–70 (Tex.App.—San Antonio 1992, writ denied). Only in the most unusual of employ-

ment cases does the conduct move out of the "realm of an ordinary employment dispute" and into the classification of extreme and outrageous as required for the tort of intentional infliction of emotional distress. *Humphreys v. Medical Towers, Ltd.,* 893 F.Supp. 672, 681 (S.D.Tex.1995), *aff'd,* 100 F.3d 952 (5th Cir.1996) (behavior not extreme and outrageous where defendant encouraged employees to act with insubordination toward plaintiff, defendant called plaintiff profane name, defendant told plaintiff she was incompetent and should quit, and defendant treated her with blatant hostility during meetings); *see Horton,* 827 S.W.2d at 369 (illustrating that conduct in employer/employee setting is rarely found to be extreme and outrageous).

Porterfield contends that Torbet occasionally prevented her from taking a lunch break. The evidence reveals that there was an isolated incident when Torbet would not allow Porterfield to take a lunch break at 3:00 p.m. since the end of the work day was near. Porterfield also complains that Torbet displayed hostility toward her. In particular, she claims that Torbet reacted negatively when she had doctor's appointments and on one occasion would not let her leave work when she was suffering from severe diarrhea. Porterfield's testimony reveals that upon notifying Torbet of her doctor's appointments, Torbet merely commented that the appointments were in the middle of the day. Porterfield did not miss her appointments. Further, the evidence does not support Porterfield's claim that Torbet kept her at work when she was suffering from severe diarrhea. The record indicates that Porterfield was ill, asked to leave, and Torbet told her to report to the nurse before leaving. Porterfield remained at work because she could not locate the nurse, but not, contrary to Porterfield's suggestion, because Torbet forbid her from leaving. Finally, Porterfield contends that Torbet was not courteous to her when she fired her.

That Torbet and Porterfield may have had communication problems, or that Torbet may have been discourteous or a demanding supervisor, may be inferred from the record. Such activity, however, does not amount to anything more than an exchange of insults, indignities, annoyances, and other trivialities which, as a matter of law, do not rise to the level of extreme and outrageous conduct. *See Horton,* 827 S.W.2d at 369–70. Accordingly, summary judgment was proper as to Porterfield's claim for intentional infliction of emotional distress. Point of error number three is overruled.

### Conclusion

Summary judgment was proper on Porterfield's claim for intentional infliction of emotional distress, but not on the claim of retaliatory discharge. Accordingly, the judgment is affirmed with respect to the claim for intentional infliction of emotional distress; the judgment is reversed and the cause is remanded to the trial court with respect to the retaliatory discharge claim.