**Reversed and Remanded and Majority Opinion and Concurring and Dissenting Opinion filed September 22, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00449-CV

---

## ORLANDO SANCHEZ, Appellant

## V.

## STEVE STRIEVER, Appellee

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2019-07901**

---

# CONCURRING AND DISSENTING OPINION

Appellant, Orlando Sanchez, challenges the trial court's dismissal of his suit against Appellee, Steve Striever, contending the trial court erred in granting Striever's motion to dismiss pursuant to (1) Texas Rule of Civil Procedure 91a because Sanchez's assault claim had a basis in law and fact; and (2) the Texas Citizen's Participation Act[1] ("TCPA") because Striever did not show that Sanchez's

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011.

1

"lawsuit was based on, related to, or was in response to Appellee's exercise of his First Amendment Right." Sanchez also requests that we reverse the trial court's attorney's fees award in Striever's favor. Because I agree with the majority's disposition of Sanchez's first issue but disagree with the majority's disposition of Sanchez's second and third issues, I respectfully concur in part and dissent in part.

## BACKGROUND

On December 28, 2018, Sanchez (who was the Harris County Treasurer at the time) held a press conference concerning the Houston Independent School District. At some point during the press conference, Striever walked up behind Sanchez and poured water on Sanchez's head. Sanchez filed suit against Striever on January 31, 2019, alleging:

- Striever "committed an assault by offensive physical contact on Plaintiff that proximately caused Plaintiff's injuries and damages";

- "[a]s a result of the unnecessary occurrence, Plaintiff's claim [sic] all damages recognizable by law, including but not limited to past and future mental anguish"; and

- "Defendant's conduct was outrageous, malicious or otherwise morally culpable conduct that should be penalized by having exemplary damages awarded against him."

Sanchez included in his original petition requests for disclosure, requests for production, and interrogatories.

On March 8, 2019, Striever filed "Defendant's Motion to Dismiss, Original Answer & Request for Disclosure". He (1) moved "to dismiss [Sanchez's] lawsuit pursuant to Texas Civil Practice and Remedies Code § 27.003"; (2) "plead[ed] a general denial"; and (3) included a request for disclosure.

2

On April 1, 2019, Striever filed "Defendant's Amended Motion to Dismiss, Original Answer & Request for Disclosure", which stated, among other things:

- "Defendant moves to dismiss this lawsuit pursuant to Texas Rule of Civil Procedure 91a and Texas Civil Practice and Remedies Code § 27.003. Plaintiff's action relates to or is in response to Defendant's exercise of free speech or right of association."

- "Defendant is sorry for the incident that occurred on December 28, 201[8] and regrets pouring water on Plaintiff. However, Plaintiff's lawsuit is not meritorious. Plaintiff did not suffer demonstrable injury and Plaintiff has no damages."

- "Defendant moves to dismiss Plaintiff's cause of action for assault because it has no basis in law or fact."

- Sanchez's original petition and discovery requests "reveal that Plaintiff's lawsuit is based on, relates to, or is in response to Defendant's right of free speech or right of association."

- "Defendant requests that the court enter a finding that Plaintiff's legal action was brought to deter or prevent Defendant from exercising constitutional rights and for improper purpose, including harassment."

- "Plaintiff's lawsuit must be dismissed unless Plaintiff provides 'clear and specific' evidence to support every element of his claim."

- "Striever requests that the court dismiss Plaintiff's claims, award Plaintiff [sic] attorney fees and costs for bringing the Anti-SLAPP motion, award sanctions, and for other just relief."

Sanchez filed a first amended petition on April 4, 2019 that is essentially identical

to his original petition except it does not include discovery requests.

On April 17, 2019, Sanchez filed a "Response to Defendant's Motion to Dismiss & Motion for Attorney's Fees & Costs". He argued that (1) the TCPA is inapplicable because none of Striever's "actions that form the basis of this lawsuit are protected by the Anti-SLAPP statute"; (2) Striever "has provided no evidence that Plaintiff's lawsuit[] is even remotely based on, relates to, or is in response to Defendant's right of free speech or right of association"; and (3) the trial court "should find that Defendant's use of the Anti-SLAPP statute is frivolous" because "Defendant's act of pouring water on Plaintiff's head during Plaintiff's press conference was a direct attack on Plaintiff's right to assembly and free speech."

On April 22, 2019, the trial court held a hearing on Striever's amended motion to dismiss pursuant to the TCPA. The trial court expressed several times that it had difficulty understanding Striever's argument regarding how the TCPA applied in the present case:

> STRIEVER'S COUNSEL:     . . . And I'm not arguing that the act of pouring water over Mr. Sanchez's head is a protected free speech right. It's not. That's not what I'm arguing. The statute is much broader than that.
>
> What I'm arguing and what the statute, I think, provides is that Mr. Sanchez's reaction to it, the filing of this lawsuit for a million dollars over this incident where he has no damages, is an act that is designed to try and harass my client and squelch his free speech rights.
>
> And if you look at the discovery that's included in the petition, Mr. Sanchez has — it's evident that that's what he wants.
>
> THE COURT:     I don't understand. If you're saying what he did was not protected speech or something — or some other act that comes within Chapter 27, how does Chapter 27 apply?
>
> COUNSEL:     Because Chapter 27 is very broad. And if you read the actual language —
>
> THE COURT:     Yes, but the first prong has to be — doesn't the first

prong have to be that the conduct complained of comes within the act?

COUNSEL:       No, it does not.  All I have to show is that Mr. Sanchez's lawsuit relates to my client's constitutional rights for free speech and free association.  And as evidenced by the discovery that Mr. Sanchez has included in his petition, that's exactly what this is about.  And if you've seen the video, it's obvious Mr. Sanchez has no damages.

     *        *        *

COUNSEL:       It's harassment by Mr. Sanchez, who has no damages, to go after things having to do with my client's communications with other protesters that were there that day that have nothing to do with this incident.  That's what this lawsuit is all about.  . . .  I've met my burden of coming forth with preponderance of evidence that his claims relate to my client's free association rights.  Maybe not free speech rights but free association certainly.

     *        *        *

THE COURT:     I'm not talking about discovery.  I don't understand how you are parsing this.  Mr. Sanchez is in the parking lot for a press conference.  Your client was there ostensively protesting what he had to say. . . .

     *        *        *

THE COURT:     All right. Something happened involving water, and then Mr. Sanchez files a lawsuit for assault.  You're saying now — you're not saying that the act of pouring water, which seems plain to me was in an act of protest, is not the basis of your Chapter 27 motion — or is not the free speech right implicated by the lawsuit but something else is.

COUNSEL:       Correct.

THE COURT:     And I don't know what the something else is.

COUNSEL:       I do not believe that pouring water on someone, throwing something at someone — I mean, we're seeing a lot of this in the news lately — I don't believe those are protected free speech acts.  But the statute is so broad . . . .

After Striever concluded his argument, Sanchez argued that Striever "failed to meet [his] burden that the statute even applies to the pleading that was filed by" Sanchez.

Sanchez argued his claim (1) "is very clear that this is an assault by a[n] offensive physical conduct"; (2) "is based upon the pouring of the water, which is an offensive physical conduct"; and (3) "is not about free speech or association." The trial court disagreed with Sanchez and expressed its own view of the case:

> THE COURT: It is [about free speech and association]. It really is. I don't know why you're not arguing it is, but here's why. Mr. Sanchez was there to make a point to the press. The protesters were there to protest. They were there — they were not there to beat up Mr. Sanchez because they didn't like him. They were obviously there to protest what he had to say.
>
> It's no different than glitter or a pie in the face. It was water, the same thing he did in the shower that morning. All right. It was to make a point, a political point. It's all about free speech. It's all about the First Amendment. I don't know why you're not arguing that. Here's the case if you need it.
>
> COUNSEL: I would like that case, Your Honor. And I will amend and make that argument now.
>
> THE COURT: We'll see. There's a California case, 2008 Westlaw, 4359534.
>
>        *         *         *
>
> THE COURT: That's all I got, is a Westlaw cite. 2008 Westlaw, 4359534. The — it's called Yan, Y-a-n, versus Sing Tao, S-i-n-g, second word, T-a-o, Newspapers.
>
>        *         *         *
>
> THE COURT: S-i-n-g, Sing, Tao, T-a-o, Newspapers. In that case there was an assault case brought by a criminal defendant coming out of a courtroom. I think it was a criminal defendant. It might have been a civil case.
>
> And the press was there and there was a photographer who — he was trying to shield his face. The plaintiff in the lawsuit was the ultimate lawsuit at issue here who was the person coming out of the courtroom, attempted to shield his face with his briefcase to block the photographer's view.
>
> The photographer moved his hand and briefcase away from his face so

she could take pictures, and he sued her for assault, claiming that she accosted him. And the California court ruled that that was clearly protected by the First Amendment and dismissed the case.

Now, I know that's a California statute, not a Texas statute; but it seems to me that the point still obtains and — so my view, I think it applies for that reason. But that's not the reason that [Striever] was arguing. I still don't quite understand [Striever]'s argument.

In response, Sanchez expressed his disagreement with the trial court's view and presented further argument. The trial court brought the hearing to a close and invited Striever to submit a supplemental or amended motion explaining how Sanchez's suit implicates Striever's First Amendment rights relative to the TCPA.

As requested, Striever filed "Defendant's Supplement to and Brief in Support of Amended Motion to Dismiss" on April 26, 2019. He argued, among other things:

- "Defendant has shown by a preponderance of the evidence that Plaintiff's suit is based on, relates to, or is in response to Defendant's right to free speech, right to associate freely, and right to petition."

- "After reading the California case[2] cited by the Court at the April 22, 2019 hearing, and further research, review, and consideration of the context of Defendant's actions, Defendant agrees with the Court that his pouring water on Plaintiff was an act of free speech being exercised in conjunction with his right of free association with a group of protestors."

- "Plaintiff has failed to establish by clear and specific evidence a prima facie case for each essential element of its claim for assault by offensive physical conduct."

---

[2] Striever cited to *Yan v. Sing Tao Newspapers S.F. Ltd.*, A120311, 2008 WL 4359534 (Cal. Ct. App. Sept. 25, 2008) (unpublished).

- "It is undisputed that Defendant [sic] had no bodily injury. Plaintiff has not argued or provided any evidence that Defendant threatened Plaintiff with imminent bodily injury. Plaintiff has not argued or provided any evidence that Defendant knew or should have reasonably believed that the physical contact of water on Plaintiff would be regarded by Plaintiff as offensive or provocative."

- "Plaintiff's pleadings (including with the discovery requests and interrogatories contained in his petition) and the evidence in the record prove that Plaintiff filed this lawsuit in response or in relation to [Defendant] and his fellow protestors' right of association, the right of free speech, and right to petition."

Sanchez filed a "Response to Defendant's Motion to Dismiss under Rule 91a" on April 29, 2019, arguing the trial court should deny Striever's Rule 91a motion because Sanchez pleaded a cause of action for assault by offensive physical contact that is recognized by law and stated sufficient facts to assert the claim.

A day later, Sanchez filed "Plaintiff's Supplemental Response to Defendant's Supplement and Brief in Support of Motion to Dismiss". Sanchez argued (1) Striever judicially admitted at the April 22, 2019 hearing that his act of pouring water on Sanchez is not a protected right to free speech; (2) the *Yan* case is inapplicable and has no precedential value in Texas; (3) Striever failed to provide any authority to support an assertion that his "assault is a protected First Amendment Right covered by the anti-SLAPP statute"; (4) the burden of proof never shifted to Sanchez, and even if the court believed that Striever "has shifted the burden, [Sanchez] has [presented] 'clear and specific evidence [of] a prima facie case for each essential element of the claim in question'"; (5) an assault by offensive physical contact does not require a showing of actual injury; and (6) the video showing

8

Sanchez's assault (viewed by the trial court) constitutes "clear and specific evidence that Defendant intentionally and knowingly poured water on Plaintiff's head[,] [a]nd . . . that Defendant knew it was offensive because he ran away after committing the assault."

Striever filed a reply to Sanchez's responses on May 5, 2019, contending that (1) Sanchez failed to establish by clear and specific evidence a prima facie case for each essential element of his assault claim because he admitted that he suffered no actual injury and the only damages "he seeks are for his alleged mental anguish"; (2) Striever established by a preponderance of the evidence that Sanchez's suit "is based on, relates to, or is in response to [Striever]'s constitutional right of free speech, free association, and to petition"; and (3) Striever's attorney's statement that he did not believe pouring water on someone was a protected free speech act does not constitute a judicial admission because an attorney "cannot judicially admit what the law is or a legal conclusion to be drawn from facts pleaded."

On May 15, 2019, the trial court signed an order (1) granting Striever's motion to dismiss pursuant to the TCPA and Rule 91a and (2) awarding attorney's fees incurred in "defending the action and bringing his Motion to Dismiss" (as well as conditional appellate attorney's fees). In its dismissal order, the court provided the following reasons for its ruling:

> First, as to Chapter 27 of the CPRC, the Court finds and concludes that the act of pouring water over Mr. Sanchez constitutes protected speech, and that the suit by Mr. Sanchez also otherwise implicates protected First Amendment rights of the Defendant. The Court overrules Plaintiff's judicial admission argument. Once the burden shifted, Plaintiff failed to adduce clear and specific evidence of a prima facie case of his claims. Specifically, Plaintiff did not adduce any evidence of any injury whatsoever, even if he could allegedly recover mental anguish damages under the circumstances.
>
> Second, the Court also hereby DISMISSES this suit pursuant to TRCP

91a, and hereby awards the attorney's fees and costs listed above as a one time award for both the CPRC Ch. 27 Motion and TRCP 91a Motion, and not as a duplicate award.

Sanchez filed a timely notice of appeal.

ANALYSIS

## I. Motion to Dismiss Pursuant to Rule 91a

Sanchez argues in his first issue that the trial court erroneously granted Striever's motion to dismiss under Rule 91a because there is a basis in law and fact for Sanchez's claim of assault by offensive physical contact.

Texas Rule of Civil Procedure 91a provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1; *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1; *Bethel*, 595 S.W.3d at 654. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6.

The merits of a Rule 91a motion are reviewed "*de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *In re Union Pac. R.R. Co.*, 582 S.W.3d 548, 550 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (per curiam). In conducting its review, a court must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual

allegations in the pleadings to determine whether the cause of action has a basis in law or fact. *In re Union Pac. R.R. Co.*, 582 S.W.3d at 550.

"In Texas, an assault is both an offense against the peace and dignity of the State, as well as an invasion of private rights." *Foye v. Montes*, 9 S.W.3d 436, 441 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). "The elements of a civil assault mirror those of a criminal assault." *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). In relevant part, a person commits an assault under the Texas Penal Code if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. Tex. Pen. Code Ann. § 22.01(a). In this case, an assault requires these two elements: (1) the defendant "intentionally or knowingly causes physical contact with" the plaintiff; and (2) the defendant "knows or should reasonably believe that the [plaintiff] will regard the contact as offensive or provocative." *See id*. § 22.01(a)(3); *Loaisiga*, 379 S.W.3d at 256.

Based on the live petition, I agree with the majority's conclusion that Sanchez's assault claim has a basis in law and fact. Sanchez pleaded that (1) Striever intentionally and/or knowingly caused physical contact with Sanchez during a press conference by pouring water on his head; and (2) Striever knew or reasonably should have believed that Sanchez would regard the contact as offensive or provocative. Sanchez also pleaded for damages. Sanchez's "allegations, taken as true, together with inferences reasonably drawn from them," would entitle him to the relief sought. *See* Tex. R. Civ. P. 91a.1.

I also agree with the majority's rejection of Striever's contention on appeal that dismissal was appropriate under Rule 91a because Sanchez (1) "had no personal injury to redress and no recoverable damages", and (2) presented no evidence of mental anguish.

11

First, although "proof of injury or intent to injure may be a requirement under other provisions of the penal code, actual injury is not required under section 22.01(a)(3)." *Foye*, 9 S.W.3d at 441; *see also* Tex. Pen. Code Ann. § 22.01(a)(3). "[I]t was the offensive nature of the contact, not its extent, that made the contact actionable: 'Personal indignity is the essence of an action for battery; and consequently the defendant is liable not only for contacts which do actual physical harm, but also for those which are offensive and insulting.'" *City of Watauga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014) (quoting *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex. 1967)); *see also Foye*, 9 S.W.3d at 441 ("[R]ather than physical injury, offensive contact is the gravamen of the action; consequently, the defendant is liable not only for contacts which cause actual physical harm, but also for those which are offensive and provocative.") and *Durban v. Guajardo*, 79 S.W.3d 198, 206 (Tex. App.—Dallas 2002, no pet.) ("[T]he basis for an assault and battery action is 'not the actual harm done to the plaintiff's body.'"). Emotional distress is not merely incidental to a claim for assault; instead, it is "the essence" of it. *Durban*, 79 S.W.3d at 206; *see also Fisher*, 424 S.W.2d at 630. Proof of physical injury is not required for a plaintiff to recover mental anguish damages for assault by offensive physical contact. *See Moore v. Lillebo*, 722 S.W.2d 683, 685 (Tex. 1986); *Fisher*, 424 S.W.2d at 630.

Second, Rule 91a specifically provides that, in ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6. Sanchez was not required to introduce "direct evidence" of mental anguish damages. Accordingly, I agree with the majority that the trial court erred by granting Striever's motion to dismiss pursuant to Rule 91a, and I would sustain Sanchez's first issue.

## II.    Motion to Dismiss Pursuant to the TCPA

12

In his second issue, Sanchez argues the trial court erroneously granted Striever's motion to dismiss under the TCPA because Striever failed to prove that Sanchez's "suit for assault was based on, related to, or was in response to [Striever]'s exercise of his First Amendment right."

## A.  Standard of Review and Applicable Law

The TCPA[3] is an anti-SLAPP law; "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Toth v. Sears Home Improvement Prods.*, Inc., 557 S.W.3d 142, 149 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Fawcett v. Grosu*, 498 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (op. on reh'g).  The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.002); *Toth*, 557 S.W.3d at 150.  This statute "protects citizens from retaliatory lawsuits that seek to intimidate or silence them" from exercising their First Amendment rights and provides a procedure for the "expedited dismissal of such suits." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding).

To effect its stated purpose, the TCPA provides a mechanism for trial courts to identify and summarily dispose of those suits designed specifically to chill First

---

[3] The Texas Legislature amended the TCPA in its most recent legislative session and the amendments are effective September 1, 2019.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1-12, 2019 Tex. Gen. Laws 684, 684-87 (current versions at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011).  Because this suit was filed before the effective date of the amendments, it is governed by the statute as it existed before the amendments, and all  citations are to the TCPA as it existed prior to September 1, 2019, unless otherwise indicated.

Amendment rights. *Id*. at 589. However, the TCPA is not intended to dispose of meritorious lawsuits. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.002) (balancing "the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" against "the rights of a person to file meritorious lawsuits for demonstrable injury"); *see also In re Lipsky*, 460 S.W.3d at 589.

A trial court's denial of a TCPA motion to dismiss is reviewed *de novo*. *O'Hern v. Mughrabi*, 579 S.W.3d 594, 602 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Under this standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We construe the TCPA liberally to effectuate its purpose and intent. *O'Hern*, 579 S.W.3d at 602. However, "interpreting the TCPA has presented challenges to the courts of appeals because of the breadth of its plain language." *Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 650 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

The TCPA establishes a three-step process for resolving a motion for expedited dismissal. *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018) (per curiam). First, the moving party must show by a preponderance of the evidence that the plaintiff's claim "is based on, relates to, or is in response to the [moving party's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005). If the moving party makes the initial showing, the burden shifts to the plaintiff to "establish[] by clear and specific evidence a prima facie case

for each essential element of the claim in question." *Id*. Even if the plaintiff satisfies the second step, the court shall dismiss the plaintiff's claim if the moving party "establishes by a preponderance of the evidence each essential element of a valid defense to the [plaintiff]'s claim." *Id*.

This framework is applied to a relatively limited universe of evidence. *Toth*, 557 S.W.3d at 150. To determine whether a claim should be dismissed under the TCPA, the court "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.006).

## B. The TCPA's Applicability

Sanchez argues the trial court erred because Striever failed to show Sanchez's assault claim was "based on, related to, or was in response to [Striever]'s exercise of his First Amendment right." In that regard, Sanchez contends (1) Striever admitted he committed assault; (2) Striever "judicially admitted that his assault was not free speech"; (3) legal precedent establishes that "Striever's assault is not a protected First Amendment right"; and (4) Striever presented "no other factual evidence that established" how the assault was an exercise of the right of free speech, the right to petition, or the right of association.

Striever counters, *inter alia*, that Sanchez's judicial admission argument is without merit because (a) "the law itself cannot be judicially admitted" and (b) he retracted his statement "that he did not believe that pouring water on someone was a protected free speech act."

In determining whether the assault claim is based on, related to, or is in response to Striever's exercise of his right of free speech or his right of association,

courts recognize that they "must interpret the Act with awareness of the dissonance created by the fact that the TCPA's express purpose is to protect constitutional rights, yet the definitions of the rights set out in the TCPA are not drafted to mimic the boundaries of constitutional rights established by the First Amendment." *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 575 (Tex. App.—Fort Worth 2019, pet. denied); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 892 (Tex. 2018) ("The TCPA provides its own definition of 'exercise of the right of free speech.' The statutory definition is not fully coextensive with the constitutional free-speech right protected by the First Amendment to the U.S. Constitution."). Courts thus adhere to the TCPA's plain language and do not import limitations on that language that may exist (either in the constitutional right of free speech or right of association) but which are not found in the TCPA's statutory definitions. *See Kawcak*, 582 S.W.3d at 575.

The TCPA defines an "[e]xercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 961 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2)). An "[e]xercise of the right of free speech" is defined as "a communication made in connection with a matter of public concern." *Id.* (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3)). A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1)); *see also Adams*, 547 S.W.3d at 894 (the TCPA's definition of "communication" includes "[a]lmost every imaginable form of communication, in any medium"). Further, a "'[m]atter of public concern' includes an issue related to: (A) health or safety; (B)

16

environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 961 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)).

Sanchez first contends Striever failed to establish the assault claim was "based on, related to, or was in response to [Striever]'s exercise of his First Amendment right" because Striever admitted that he committed assault when he poured water on Sanchez's head. I would reject the contention that a party may judicially admit a question of law that controls our analysis. *Connick v. Myers*, 461 U.S. 138, 148 n.7 & 10 (1983) ("The inquiry into the protected status of speech is one of law, not fact."); *Cohen v. Tour Partners, Ltd.*, No. 01-15-00705-CV, 2017 WL 1528776, at *5 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.) (mem. op.) ("'A party may not judicially admit a question of law.'") (quoting *H.E. Butt Grocery Co. v. Pais*, 955 S.W.2d 384, 389 (Tex. App.—San Antonio 1997, no pet.)); *Jefferson Cty. v. Nguyen*, No. 09-13-00505-CV, 2015 WL 4597560, at *17 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.). Furthermore, Sanchez failed to explain how the alleged judicial admission supports an argument that his pleaded assault claim is not based on, related to, or in response to Striever's exercise of his First Amendment right.

Instead, Sanchez argues that the trial court erroneously dismissed his assault claim under the TCPA because legal precedent establishes that "Striever's assault is not a protected First Amendment right." However, the question presented in this case is not (as Sanchez has attempted to frame it) whether pouring water on Sanchez's head is constitutionally protected speech under the First Amendment. Rather, the question is whether Sanchez's lawsuit is based on, related to, or in response to Striever's exercise of the right of free speech or the right of association

17

*as defined by the TCPA* when he poured water on Sanchez's head. Sanchez has not cited (and I have not found) any legal authority that an assault by offensive contact is not an exercise of a right of free speech or right of association under the TCPA; based on the plain language of the TCPA, I would therefore reject this argument.

Further, a general holding that only law-abiding conduct comes within the purview of the TCPA (and any alleged conduct that is not law-abiding cannot serve as an exercise of a right of free speech under the TCPA) creates numerous potential issues going forward. The statute was significantly amended by the legislature in 2019, and although this case is governed by the previous version of the statute, this fact pattern still falls squarely within the definition of "matter of public concern" and therefore will foreseeably come before us or other Texas courts of appeals in the future. In a society increasingly marked by public protests, I am deeply concerned that the elimination of TCPA protections in protest cases will lead to a deterioration of the People's rights and remedies under the law. The legislature has instructed the courts to balance (1) the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and (2) the rights of a person to file meritorious lawsuits for demonstrable injury. If Striever had accidentally coughed on Sanchez during a pandemic while holding a protest sign, Sanchez might still have brought a claim for assault by offensive physical contact alleging that the coughing was deliberate, and — if we agreed that Striever was expressing his right of free speech and association while holding the sign — we would move to the second prong, under which Sanchez would be required to prove the deliberate nature of Striever's action as a prima facie element of the cause of action. Under the majority's opinion, however, Sanchez's pleading that the cough was deliberate (*i.e.*, assault) would be taken as true for purposes of proving an underlying unlawful act with no further requirement that he

18

make a prima facie case of same, thereby entirely frustrating the purpose of the TCPA.

I cannot agree with the majority's holding that some participation in government is less valid than others. Nothing in the TCPA itself limits the actions to those that are protected by the First Amendment or that are law-abiding under Texas law, and I reject the majority's attempts to write words into the statute. "Specifically, when dealing with the TCPA, the supreme court warns against 'improperly narrow[ing] the scope of the TCPA by ignoring the Act's plain language and inserting . . . requirement[s]' not found in that language." *Kawcak*, 582 S.W.3d at 575 (quoting *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam)). The supreme court also instructs that "[w]e must construe the TCPA according to its text. The statute assigns detailed definitions to many of the terms it employs, and we must adhere to statutory definitions." *Adams*, 547 S.W.3d at 894 (citations omitted).

Additionally, "[w]hen applying the ordinary meaning, courts 'may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning, and implications from any statutory passage or word are *forbidden* when the legislative intent may be gathered from a reasonable interpretation of the statute *as it is written.*'" *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) (quoting *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 138 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (emphases in original)); *see also Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) ("We must enforce the statute 'as written' and 'refrain from rewriting text that lawmakers chose.'") (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009)); and *Commonwealth of Mass. v. United N. & S. Dev. Co.*, 168 S.W.2d 226, 229 (Tex. 1942) (adding provisos to a statute "would extend the statute by implication, and no

19

language in the statute authorizes a resort to implication to arrive at some other intent").

Further, the legislature amended the TCPA in 2019 to (among other things) add eight new categories of exemptions, none of which address an exemption for criminal conduct, let alone one that is as broad as the majority would hold today. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(5)-(12).

Finally, I would reject Sanchez's assertions that Striever failed to (1) present any "other factual evidence" that Striever's "assault was a communication . . . made in connection with a matter of public concern" and (2) establish by a preponderance of the evidence that Sanchez's claim is not related to Striever's exercise of the right of free speech. Although Striever and Sanchez did not offer affidavits in the trial court, they both submitted (without objection) links to videos and news coverage of what occurred. Sanchez submitted a link to a video that shows Striever pouring water on Sanchez's head while Sanchez is holding a press conference. The video includes the words "Orlando Sanchez, Harris County Treasurer" across an image of Sanchez, contains arrows pointing to Striever before the incident, and shows a crowd of people surrounding Sanchez as he speaks (several of whom are holding signs concerning education). Striever included a link to a February 1, 2019 "breaking news" video and news article from channel KHOU-11 about the lawsuit and underlying incident.[4] The video there shows Striever pouring water on Sanchez's head and the accompanying news article reads:

> **Former Harris Co. Treasurer Orlando Sanchez files $1M lawsuit against man who poured water on him**
>
> The water-pouring incident happened as the official held a press

[4] The link is: https://www.khou.com/article/news/local/former-harrisco-treasurer-orlando-sanchez-files-1m-lawsuit-against-man-who-poured-water-onhim/285-540d5cca-70c8-45c0-a2b2-87de03db4b70.

conference outside HISD's headquarters in December 2018.

[video of the incident]

HOUSTON — Former Harris County Treasurer Orlando Sanchez is suing the man who dumped water on him during a news conference in December 2018.

Sanchez wants more than $1 million in damages, according to documents filed in the Harris County 151st District Court. The protester, identified in the civil lawsuit as Steve Striever, was upset because Sanchez wanted the State of Texas to take over Houston public schools.

The incident happened during a press conference across from Houston ISD's headquarters.

RELATED: Protester pours water on Harris County treasurer during news conference [accompanied by another link to the original news article and video of the incident from December 28, 2018 with more detailed information about what occurred at Sanchez's press conference].

Protesters disrupted the start of Sanchez's news conference. When he tried to get it started, the group would chant, 'Go away, TEA' and 'You got voted out.'

Things got heated when he was answering one of KHOU 11's questions. Someone from the group ran up and dumped water on him. Someone from Sanchez's team confronted the man. He ended up on the ground and police were called. Both sides claimed they were assaulted. The news conference was supposed to be for Sanchez to call for the state to take over HISD.

"Taxpayers are fed up and it's time for the governor and the Texas Education Agency to step up and make sure that children in HISD, which 83 percent of them are minority, get an education," said Sanchez at the time.

As the Texas Supreme Court has stated, the "TCPA casts a wide net" and "covers any legal action that is 'based on, relates to, or is in response to' a party's 'exercise of the right of free speech.'" *Adams*, 547 S.W.3d at 894. The exercise of the right of free speech "extends to any 'communication made in connection with a matter of

public concern" which covers "[a]lmost every imaginable form of communication, in any medium.'" *Id.* Striever's evidence shows that Sanchez was the Harris County Treasurer (a public official) at the time Striever poured water on him and that Sanchez was holding a press conference where citizens were protesting Sanchez's position concerning public schools in Houston.[5]

Striever's evidence therefore establishes that Sanchez's assault claim is based on, relates to, or is in response to Striever's exercise of the right of free speech as defined by the TCPA because it involved a communication made in connection with an issue related to (1) economic well-being, (2) community well-being (*i.e.,* the education provided to students in Houston's public schools), or (3) the government; as a result, Striever's conduct was a communication (via the medium of pouring water) that was "made in connection with a matter of public concern." *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 961 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3)); *see also id.* (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)). Having (1) construed the TCPA liberally to effectuate its purpose and intent;[6] (2) adhered to the TCPA's plain language (and not imported limitations on that language that may exist in the constitutional right of free speech but which are not found in the TCPA's statutory definitions);[7] and (3) considered the evidence in the record, I would conclude that Striever satisfied his burden of proving by a preponderance of the evidence that Sanchez's claim is based on, relates to, or is in response to Striever's exercise of the right of free speech as defined by the TCPA. Accordingly, and because Sanchez

---

[5] Additionally, Striever argued that he poured the water on Sanchez during the press conference to express that he "was upset because Sanchez wanted the State of Texas to take over Houston public schools."

[6] *See O'Hern*, 579 S.W.3d at 602.

[7] *See Kawcak*, 582 S.W.3d at 575.

declined to even attempt to meet his burden imposed by the second prong of the statute, I would hold that the trial court did not err in granting Striever's motion to dismiss under the TCPA, and I would overrule Sanchez's second issue.

## III. Attorney's Fees

In his third issue, Sanchez asserts that the trial court's award of attorney's fees and costs in favor of Striever should be vacated and, upon remand, the trial court should hear evidence and award reasonable and necessary attorney's fees as well as costs in favor of Sanchez as mandated by Rule 91a.7.

Sanchez correctly states that Rule 91a.7 provides for a mandatory award of attorney's fees and costs to the prevailing party. *See* Tex. R. Civ. P. 91a.7. ("[T]he court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court."). He also correctly states that the TCPA provides for a mandatory award of attorney's fees and costs in favor of the moving party upon dismissal of a legal action. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 961 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.009).

However, because I would conclude that the trial court properly granted Striever's motion to dismiss pursuant to the TCPA (as expressed above), I would hold that (1) Striever was entitled to attorney's fees and costs and (2) the trial court properly complied with the TCPA's mandate and awarded fees and costs as provided in section 27.009. Because I would determine (as the majority does) that the trial court erroneously dismissed Sanchez's claim pursuant to Rule 91a, I would remand this cause for the trial court to award Sanchez (as the prevailing party with respect to the Rule 91a motion), reasonable and necessary attorney's fees and costs as mandated by Rule 91a. *See* Tex. R. Civ. P. 91a.7; *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187-88 (Tex. App.—Houston [14th Dist.] 2015, pet.

23

denied). Accordingly, I would sustain Sanchez's third issue with regard to the trial court's attorney's fees and costs award in favor of Striever under Rule 91a.

## CONCLUSION

For all the reasons expressed above, I respectfully concur in part and dissent in part.

/s/    Meagan Hassan
Justice

Panel consists of Justices Christopher, Jewell, and Hassan. (Jewell, J., majority).